PHILIP D. ARMOUR *et al.*

*v.*

HENRY F. GOLD *et al.*

*Opinion filed April 17, 1900.*

1. VOLUNTARY ASSIGNMENT—*when proceeding may be lawfully discontinued.* A voluntary assignment may be discontinued where the requirements of the statute have been followed without fraud, so that all creditors not consenting to such discontinuance may have precisely the same rights against the insolvent and his estate which they had at the time of the assignment.

2. SAME—*when plan of discontinuance is not fraudulent.* A discontinuance of assignment proceedings brought about by a promise to pay consenting creditors fifty per cent of their claims is not fraudulent, where the property is not pledged or encumbered to pay consenting or favored creditors, but is returned to assignor, except that administered, subject to the same rights possessed by creditors at the time of the assignment.

*Armour v. Gold,* 85 Ill. App. 394, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. JOHN H. BATTEN, Judge, presiding.

A. R. URION, and A. B. STRATTON, for appellants.

CRATTY, JARVIS & CLEVELAND, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

H. F. Gold & Bro., a partnership composed of Henry F. Gold and Fred H. Gold, made a voluntary assignment of their partnership property for the benefit of creditors July 7, 1898. The assignment proceeding was carried on until the time allowed for filing claims had expired, after which the insolvents filed a petition asking that the proceeding might be discontinued, the assignee discharged and the assets not disposed of returned to them. The

petition was accompanied with the assent in writing of a majority of the creditors in number and amount. Appellants objected to the discontinuance, but their objection was overruled. The proceeding was discontinued, the assignee was ordered to surrender to the insolvents all money and property in his possession, and it was ordered that all parties should be remitted to the same rights and duties existing at the date of the assignment, except so far as such estate had already been administered and disposed of. The Appellate Court has affirmed the order.

It appeared on the hearing of the petition in the county court that the insolvents had sent to each of their creditors a letter making this proposition: "We will pay to our creditors, except our former lessors, fifty (50%) per cent of their respective claims, provided that they will agree within seven days to accept that sum in full settlement, the same to be paid on or before October 31, 1898. This offer is conditioned on the assignment proceedings being dismissed and the money and property returned to us." Accompanying this letter was an acknowledgment by the cashier of the First National Bank of Chicago that Charles A. Zahn, brother-in-law of the insolvents, had deposited with him $4500 as security for the faithful performance of the undertaking of the insolvents as set forth in the letter, and the amount so deposited was sufficient for that purpose.

Creditors who file their claims against the estate of an insolvent being administered in the county court acquire rights in the estate, and are entitled to have such administration proceed and the estate be distributed in accordance with the provisions of the statute, unless the proceeding shall be discontinued in conformity with such statute. The discontinuance can only be allowed by the court upon the conditions that a majority of the creditors in number and amount consent in writing, and the parties are remitted to the same rights and duties existing at the date of the assignment, except so far as the es-

tate shall have already been administered. The law will not permit an insolvent to use the proceeding under the statute, or the estate in the custody of the court, as a means to compel reluctant creditors to compromise their claims or to sacrifice a portion of their legal demands. No arrangement will be tolerated which will defeat the intention of the statute that the estate, so far as not administered, shall, upon a discontinuance of the proceeding, be returned to the insolvent in such a way that all creditors may enjoy the same rights existing at the date of the assignment. They cannot have the same rights if the estate is encumbered, sold or pledged to accomplish a dismissal of the proceeding. If, however, there is a compliance with the terms of the statute without fraud, so that every dissenting creditor may have precisely the same rights against the insolvent and his estate which such creditor had at the time of the assignment, the proceeding may be lawfully dismissed. *Kelley* v. *Leith*, 176 Ill. 311.

In this case the plan of discontinuance was, that all the property which had not been administered was to be returned to Gold & Bro., to be theirs absolutely in the same manner as they held it at the time of the assignment, subject to attachment or to judgment liens, or to any legal or equitable proceeding which the objecting creditors might see fit to institute, to the same extent and in the same manner as at the time of the assignment. There was nothing in the arrangement to encumber the estate or abridge the rights of such creditors to resort to the property for the recovery of their claims. All were left on the same basis, and the brother-in-law who deposited the money as security did not thereby acquire, and was not to acquire, any claim against or interest in the property which could hinder or delay any creditor. The property was not pledged, assigned or encumbered to pay those who assented or any favored creditor. The promise to pay fifty per cent to the creditors who agreed

to a dismissal did not in any manner affect those who did not consent, and who preferred to be replaced, with respect to the insolvents and their property, in the same position and with the same rights and duties existing at the date of the assignment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*